UNITED STATES of America, Plaintiff–Appellee,

v.

Elias BEST–SALCEDO Defendant–Appellant.

No. 01–5663.

United States Court of Appeals, Sixth Circuit.

Jan. 13, 2002.

Before NORRIS and CLAY, Circuit Judges; and O'MEARA, District Judge.*

### OPINION

PER CURIAM.

Defendant Elias Best–Salcedo pleaded guilty to one count of illegally reentering the United States after a prior deportation, 8 U.S.C. § 1326(a). Because defendant previously had been convicted of an aggravated felony, he was subject to the enhanced penalty provision of 8 U.S.C. § 1326(b)(2). On appeal, he acknowledges that this court has already rejected the argument that *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), requires the existence of his prior aggravated felony to be proven be-

---

* The Honorable John Corbett O'Meara, United States District Judge for the Eastern District of Michigan, sitting by designation.

yond a reasonable doubt. *United States v. Aparco–Centeno*, 280 F.3d 1084, 1088 (6th Cir.), *cert. denied*, —— U.S. ——, 122 S.Ct. 2638, 153 L.Ed.2d 818 (2002). Nevertheless, he contends that a recent Supreme Court decision, *Ring v. Arizona*, 536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002), expanded the scope of *Apprendi*, thereby casting doubt upon the continued viability of *Aparco–Centeno*.

Our local rules explicitly prohibit a panel of this court from overruling a prior established opinion:

> Reported panel opinions are binding on subsequent panels. Thus, no subsequent panel overrules a published opinion of a previous panel. Court en banc consideration is required to overrule a published opinion of the court.

6th Cir. R. 206(c); *see also United States v. Smith*, 73 F.3d 1414, 1418 (6th Cir.1996) (a panel's published decision is binding on subsequent panels unless an "inconsistent decision of the United States Supreme Court requires modification of the decision or this Court sitting en banc overrules the prior decision") (quoting *Salmi v. Sec'y of Health and Human Servs.*, 774 F.2d 685, 689 (6th Cir.1985)).

In *Ring*, the Court held that the aggravating factors of Arizona's capital sentencing scheme must be proven beyond a reasonable doubt. *Ring*, —— U.S. at ——, 122 S.Ct. at 2443. Furthermore, two of those factors concern prior convictions. *Id.* at 2434 n. 1. Defendant therefore argues that, by implication at least, the Court has overruled the exception for prior convictions discussed at some length in *Apprendi*. *See Apprendi*, 530 U.S. at 488–90.

*Ring* and a second case decided last term, *Harris v. United States*, 536 U.S.

545, 122 S.Ct. 2406, 153 L.Ed.2d 524 (2002), illustrate that the Court is still in the process of refining the scope of *Apprendi*. However, we are convinced that, had the Court intended to overrule its exception for prior convictions in *Ring*, it would have done so explicitly given the extensive treatment that the exception received in *Apprendi*.[1] In short, the exception to the "proof beyond a reasonable doubt" standard articulated in *Apprendi* remains good law, as does this circuit's decision in *Aparco–Centeno*, which is binding upon this panel.

The judgment is **affirmed.**

---

1. While it in no way influences our decision, we note that the Court announced *Ring* on the same day that it denied certiorari in *Aparco–Centeno*.